IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| IN RE: )<br>)<br>James Defeo, Jr., )<br>         Debtor, )<br>_____) <br>)<br>James Defeo, Jr., )<br>)<br>         Appellant–Plaintiff, )<br>      v. )<br>)<br>Winyah Surgical Specialists, P.A., )<br>dba Winyah Surgical Specialists, )<br>)<br>         Appellee-Defendant. )<br>_____) | C/A No. 4:21-cv-03263-SAL<br><br>Appeal from<br>Adv. Proceeding No. 21-80011-JW<br>Bankr. C/A No. 20-03738-JW<br><br>**OPINION AND ORDER** |

      This matter is before the court on James Defeo, Jr.'s ("Appellant-Plaintiff" or "Debtor") appeal from the Amended Final Order and Judgment of the Bankruptcy Court granting Appellee-Defendant's Motion for Sanctions against Debtor's attorneys, David H. Breen and Matthew M. Breen ("the Breens" or "Debtor's Counsel"), awarding Appellee-Defendant $10,000 in sanctions, and striking certain disputed allegations from Debtor's complaint for trial.[1] [ECF No. 1; Bankr. Adv. Dkt. Nos. 47, 52, 53, 54.] On appeal, Defendant filed another Motion for Sanctions against Debtor's Counsel now also pending before the court. For the reasons below, this court affirms the Bankruptcy Court's Order and grants Appellee-Defendant's Motion for Sanctions in part by awarding Defendant $3,000 in sanctions against Debtor's Counsel for this frivolous appeal.[2]

---

[1] The court has jurisdiction to review the Bankruptcy Court's Order under 28 U.S.C. § 158(a)(1).

[2] Upon examination of the briefs and record, the court finds oral argument unnecessary because the appeal is frivolous, the briefs and records adequately present the facts and legal arguments, and oral argument would not significantly aid the decisional process. Fed. R. Bankr. P. 8019.

1

**BACKGROUND AND PROCEDURAL HISTORY**

On October 2, 2020, Debtor commenced a Chapter 13 bankruptcy case in the Bankruptcy Court for the District of South Carolina. Although Winyah Surgical Specialists, P.A. ("Appellee-Defendant" or "Defendant") is a creditor of Debtor, Defendant was not listed as such in Debtor's initial bankruptcy schedules and statements. Consequently, Defendant was not initially served with notice of Debtor's bankruptcy. Lacking notice of Debtor's bankruptcy, on or about November 17, 2020, Defendant mailed an invoice to Debtor seeking payment of a $910 medical debt (the "November Invoice"). [Joint Pretrial Order, Bankr. Adv. Dkt. No. 45.]

On or about December 4, 2020, Debtor's counsel[3] contacted Defendant by telephone, advised Defendant of Debtor's Chapter 13 bankruptcy filing, and provided Defendant the bankruptcy case number. Defendant asserts it then followed its normal procedure to mark Debtor's account as in bankruptcy. However, Defendant asserts the computer settings did not save due to an error. [Answer at ¶¶ 12, 22, Bankr. Adv. Dkt. 6.]

On December 10, 2020, Debtor filed an Amended Schedule E/F, which listed Defendant as a creditor with a $910 unsecured claim for a medical bill. [Compl., Bankr. Adv. Dkt. 1, ¶ 6.] Debtor served the Amended Schedule E/F on Defendant on the same date. Defendant received the Amended Schedule, the Amended Chapter 13 Plan, and a January 5, 2021 Court Order Confirming the Chapter 13 Plan. [Bankr. Adv. Dkt. No. 45.]

On February 2, 2021, Defendant mailed a second invoice to Debtor seeking payment for the $910 medical debt (the "February Invoice"). The invoice states: "Your account is in default and could be sent to a collection agency. Please call." [ECF No. 2-1 at p. 100.] Defendant admits it had notice of the bankruptcy at the time the second invoice was sent, but contends the invoice

---

[3] David H. Breen represents Debtor in the underlying bankruptcy case.

was automatically sent by its computer system in error. Debtor received the invoice on February 9, 2021. [Bankr. Adv. Dkt. No. 45.] Two days later, on February 11, 2021, Debtor called his attorney regarding the February Invoice. *Id.* After the February Invoice, no further invoices were sent to Debtor by Defendant. After receiving the invoice, neither Debtor nor his counsel attempted to contact Defendant to inquire about the February invoice prior to commencing the underlying adversary proceeding in the Bankruptcy Court. *Id.*

On February 15, 2021, Debtor filed the underlying adversary complaint against Defendant for an alleged willful violation of the automatic stay based on the February Invoice (the "Complaint"). [Compl., Bankr. Adv. Dkt. No. 1.] The Breens represent Debtor and signed the Complaint in the underlying adversary proceeding. The Complaint seeks an injunction of collection attempts by Defendant and actual and punitive damages pursuant to 11 U.S.C. §§ 105 and 362(k). *Id.* While not stated in the prayer for relief, the Complaint prominently demands via its caption on the first page "**ACTUAL AND PUNITIVE DAMAGES: $50,000.00.**" [Compl., Adv. Dkt. No. 1; Bankr. Adv. Dkt. No. 45.] The Complaint also includes the following allegations against Defendant, which are the subject of the underlying motion for sanctions (the "Disputed Allegations"):

   a. "*[W]ith a specific intent to violate bankruptcy laws*, [Defendant] contacted [Debtor] by mail dated February 3, 2021 illegally attempting to collect a $910.00 debt listed in [Debtor's] bankruptcy case." [Compl. ¶ 9 (emphasis added).]

   b. "Notwithstanding being on Notice of this monetary exposure for violating the Automatic stay the *Defendant chose to flagrantly, wantonly and with gross disdain and disregard violate the bedrock of the bankruptcy process*." [Compl. ¶ 10 (emphasis added).]

   c. "The Defendant's acts, by and through its agents, servants and/or employees, establish this creditor as one that *does not hesitate to engage in overly aggressive, devious, deceptive, manipulative, oppressive, abusive and illegal collection*." [Compl. ¶ 11 (emphasis added).]

3

    d. "Upon information and belief, the ***Defendant knew of [Debtor's] bankruptcy filing yet willfully, deliberately and intentionally chose to ignore the automatic stay provisions of 11 U.S.C. § 362***." [Compl. ¶ 13 (emphasis added).]

    e. "[Debtor] would show that said aforementioned collection act [i.e., Defendant's mailing of the invoice] was done with the ***express intent to annoy, threaten, cause harm, abuse, intimidate or harass him***." [Compl. ¶ 14 (emphasis added).]

    f. "Defendant has engaged in acts which constitute a ***flagrant, willful, knowing and intentional violation of the bankruptcy automatic stay***." [Compl. ¶ 17 (emphasis added).]

On May 3, 2021, Defendant filed its first Motion for Sanctions with the Bankruptcy Court, asserting Debtor's Counsel included the false and inflammatory Disputed Allegations in the Complaint without first conducting a reasonable investigation of the facts and the Complaint was filed for the improper purpose of needlessly increasing the expense of litigation. On April 8, 2021, before filing the underlying Motion for Sanctions with the Bankruptcy Court, Defendant served a substantially similar copy of the motion pursuant to Rule 9011(c)(1)(A), Fed. R. Bankr. P. [Cert. of Serv., Bankr. Adv. Dkt. No. 15 at 9.] In the cover letter, Defendant's counsel requested Debtor withdraw the Complaint within 21 days or Defendant would file the motion with the Bankruptcy Court. Debtor's Counsel did not respond, did not withdraw the Complaint, and did not amend the Complaint. The Bankruptcy Court held a hearing on the Motion for Sanctions on May 19, 2021, which was continued to June 29, 2021.

The Bankruptcy Court entered an Order granting Defendant's Motion for Sanctions on August 26, 2021. [Bankr. Adv. Dkt. No. 47.] On September 27, 2021, following review of defense counsel's Attorney's Fees Affidavit and supporting documentation, and upon review of Debtor's Counsel's related Affidavit and Response, the Bankruptcy Court entered the Amended Final Order on Defendant's Motion for Sanctions (the "Order"), which struck the Disputed Allegations from the Complaint for purposes of trial and awarded Defendant $10,000 in sanctions, jointly and severally against Debtor's Counsel. [Bankr. Adv. Dkt. Nos. 49, 50, 51, 52, 53.] The Bankruptcy

4

Court found the Breens "did not make any effort to determine the veracity of the Disputed Allegations or investigate the circumstances surrounding the mailing of the disputed invoice prior to filing the Complaint." [Order, Bankr. Adv. Dkt. No. 53, at p. 9.] The Bankruptcy Court further held Debtor's Counsel's "investigation was not objectively reasonable to support the inclusion of the Disputed Allegations in the Complaint." *Id.*[4]

In determining an appropriate sanction for Debtor's Counsel's Rule 9011 violation, the Bankruptcy Court observed Debtor's Counsel has a history of filing adversary proceedings containing similar allegations of egregious conduct on the part of various defendants for violations of the automatic stay and demanding actual and punitive damages ranging from $25,000 to $75,000 based upon the mailing of collection letters. *Id.* at p. 25. The Bankruptcy Court found "Debtor's Counsel's violation of Rule 11 was considerable[,]" their "inclusion of the Disputed Allegations in the Complaint without conducting a reasonable investigation or otherwise having any factual basis for their inclusion is a violation of th[eir] duty [of candor to the Court[,]" and "[b]y engaging in this misconduct, Debtor's Counsel has abused the court system." *Id.* at p. 26.

On October 7, 2021, Debtor filed his Notice of Appeal to this court. [ECF Nos. 1, 6, 7, 9.] On January 5, 2022, Defendant filed its Motion for Sanctions Pursuant to Bankruptcy Rule 8020, which Debtor opposed. [ECF Nos. 8, 10.] These matters are fully briefed and ripe for review.

## DISCUSSION

I.  **Appellant-Plaintiff's Appeal of Bankruptcy Court's Sanctions Order**

    A.  **Rule 9011 of the Federal Rules of Bankruptcy Procedure**

---

[4] Because the Bankruptcy Court found sanctions therefore appropriate under Rule 9011 based on the Breens' failure to conduct an inquiry reasonable under the circumstances, the court did not decide whether the Breens' conduct also violated Rule 9011(b)(1)'s improper purpose standard. [Bankr. Adv. Dkt. No. 53 at p. 19.]

Rule 9011 of the Federal Rules of Bankruptcy Procedure obligates attorneys appearing and filing documents in the Bankruptcy Court to satisfy certain duties as follows:

(b) Representations to the court

By presenting to the court (whether by signing, filing, submitting, or later advocating) a petition, pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed *after an inquiry reasonable under the circumstances*,

(1) *it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation*;

(2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;

(3) *the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery*; and

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

Fed. R. Bankr. P. 9011 (emphasis added).

Federal Rule of Bankruptcy Procedure 9011 is "bankruptcy's analogue to Civil Rule 11." *Law v. Siegel*, 571 U.S. 415, 427 (2014). As such, "[i]n deciding cases based on violations of Rule 9011, courts may look to cases that interpret Federal Rule of Civil Procedure 11." *In re Weiss*, 111 F.3d 1159, 1170 (4th Cir. 1997) (citations omitted). Rule 11(b) of the Federal Rules of Civil Procedure requires attorneys to certify "to the best of the person's knowledge, information, and belief" that, among other things, the pleading, motion, or other paper "is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." Fed. R. Civ. P. 11(b)(1). A court assesses a motion for sanctions under Rule 11(b)(1) using an "objective standard of reasonableness." *In re Kunstler*, 914 F.2d 505, 518 (4th Cir. 1990).

"The language of Rule 11 requires that an attorney conduct a reasonable investigation of the factual and legal basis for his claim before filing." *Brubaker v. City of Richmond*, 943 F.2d 1363, 1373 (4th Cir. 1991) (citations omitted).

"To be reasonable, the prefiling factual investigation must uncover some information to support the allegations in the complaint. A complaint containing allegations unsupported by *any* information obtained prior to filing violates the required prefiling factual investigation." *Id.* (citing *In re Kuntsler,* 914 F.2d at 516). "That is, where there is *no* factual basis for a plaintiff's allegations, the complaint violates Rule 11's factual inquiry requirement." *Id.*; *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990) ("Rule 11 imposes a duty on attorneys to certify that they have conducted a reasonable inquiry and have determined that any papers filed with the court are well grounded in fact, legally tenable, and 'not interposed for any improper purpose.' An attorney who signs the paper without such a substantiated belief 'shall' be penalized by 'an appropriate sanction.'" (internal citations omitted)).

"Where a sanction is warranted, the Court must consider: '(1) the reasonableness of the opposing party's attorney's fees; (2) the minimum to deter; (3) the ability to pay; and (4) factors related to the severity of the Rule 11 violation.'" *Letren v. Trans Union, LLC*, No. CV PX 15-3361, 2017 WL 4098743, at *5 (D. Md. Sept. 15, 2017) (quoting *In re Kunstler*, 914 F.2d at 523), *aff'd*, 770 F. App'x 95 (4th Cir. 2019).

### B. Abuse of Discretion Standard of Review

A district court "sits as an appellate tribunal in bankruptcy." *In re Berry*, No. 2:18-cv-444-MBS, 2019 WL 1034484, at *4 (D.S.C. Mar. 5, 2019) (quoting *In re Birmingham*, 846 F.3d 88, 92 (4th Cir. 2017)). Generally, "[f]indings of fact by the bankruptcy court in proceedings within its full jurisdiction are reviewable only for clear error and legal questions are subject to de novo

7

review." *Id.* (citing *In re Johnson*, 960 F.2d 396, 399 (4th Cir. 1992)). "The issues involved in determining whether an attorney has violated Rule 11 likewise involve 'fact-intensive, close calls'" by the trial-level court. *Cooter & Gell*, 496 U.S. at 404 (citations omitted). As the Supreme Court has observed,

> The district court is best acquainted with the local bar's litigation practices and thus best situated to determine when a sanction is warranted to serve Rule 11's goal of specific and general deterrence. Deference to the determination of courts on the front lines of litigation will enhance these courts' ability to control the litigants before them. Such deference will streamline the litigation process by freeing appellate courts from the duty of reweighing evidence and reconsidering facts already weighed and considered by the district court; it will also discourage litigants from pursuing marginal appeals, thus reducing the amount of satellite litigation.

*Id.*

Accordingly, where a district court considers an appeal of a Bankruptcy Court's sanctions order, a deferential abuse of discretion standard applies. *See In re Jemsek Clinic, P.A.*, 850 F.3d 150, 156 (4th Cir. 2017) (citations omitted); *Cooter & Gell*, 496 U.S. at 405. "A court abuses its discretion when its conclusion is 'guided by erroneous legal principles' or 'rests upon a clearly erroneous factual finding.'" *In re Berry*, 2019 WL 1034484, at *4.

### C. The Bankruptcy Court Did Not Err in Holding the Breens Violated Rule 9011(b)(3).

Following the undersigned's thorough review of the appellate briefings and underlying record, it is readily apparent the Bankruptcy Court did not err, but instead correctly found, the Breens violated Rule 9011(b)(3) by failing to conduct an investigation reasonable under the circumstances to support their inclusion of the exaggerated, extreme, and inflammatory Disputed Allegations in the Complaint. In the Order, the Bankruptcy Court found "[n]one of Debtor's Counsel's referenced efforts relate to the mailing of the second invoice which is the subject of the claim for willful violation of the automatic stay." [Bankr. Adv. Dkt. No. 53 at p. 8.] Further, the

Bankruptcy Court stated "[i]t appears from the Complaint that the only evidence available to Debtor's Counsel at the time of the filing of the Complaint was the February Invoice and Debtor's statements regarding his experiencing stress and worry upon receiving the invoice. *Id.* at pp. 8-9." The Bankruptcy Court aptly observed:

> However, the Complaint contains several specific allegations regarding the mindset of Defendant, including that Defendant "chose to flagrantly, wantonly and with gross disdain and disregard violate the bedrock of the bankruptcy process" and that "the collection act was done with the *express* intent to annoy, threaten, cause harm, abuse, intimidate or harass [Debtor]," but there was no investigation or inquiry conducted by Debtor's Counsel whereby such a mindset or intent could have been expressed or revealed by Defendant. Debtor's Counsel admitted that neither they nor Debtor attempted to contact Defendant after the mailing of the disputed invoice. No witnesses were interviewed regarding the facts of the case. Prior to filing the Complaint, Debtor's Counsel uncovered no other communications from Defendant to Debtor, such as threatening letters, emails, calls, text messages, personal visits or lawsuits, which would support such allegations…[internal citations omitted]
>
> The record reveals that Debtor's Counsel had current contact information for Defendant which Debtor's Counsel could have used to contact Defendant regarding the alleged stay violation, but they did not make any effort to determine the veracity of the Disputed Allegations or investigate the circumstances surrounding the mailing of the disputed invoice prior to filing the Complaint. The Court finds that Debtor's Counsel's investigation was not objectively reasonable to support the inclusion of the Disputed Allegations in the Complaint.

*Id.* at p. 9.

As the Bankruptcy Court concluded, "[c]onsidering the mild language of the invoice, the absence of other contact by Defendant, and absence of any evidence of malevolent intent of Defendant, Debtor's inclusion of th[e allegation that 'Defendant's mailing of the invoice'] was 'done with the *express* intent to annoy, threaten, cause harm, abuse, intimidate or harass [Debtor]' goes beyond aggressive advocacy or hyperbole—it is frankly disingenuous." *Id.* at p. 14 (emphasis added). This court finds no error in these findings.

On appeal, as with their arguments on Defendant's Motion for Sanctions subject to the Honorable John E. Waites' review in the Order, the Breens again fail to substantively address why

9

their inclusion of the Disputed Allegations in the Complaint—as opposed to the remaining allegations concerning the asserted willful violation of the stay—do not violate Rule 9011. [ECF Nos. 6, 9.]  The Honorable John E. Waites repeatedly advised the parties, "the issue of whether the Complaint states a valid claim for violation of the automatic stay or punitive damages is not before the Court."  [Bankr. Adv. Dkt. No. 53 at p. 14; *id.* at p. 13 (discussing dispositively distinguishable facts in *Waters v. McCleod Seacoast Hospital (In re Waters)*, C/A No. 19-05230, Adv. Pro. No. 19-80090, slip op. (Bankr. D.S.C. Feb. 13, 2020)).]  "Instead, the [Bankruptcy] Court [was] considering whether Debtor's Counsel satisfied their duty of candor to the Court under Rule 9011 by including the Disputed Allegations in the Complaint."  *Id.*  Despite this clear guidance, as with their Bankruptcy Court briefing and arguments, the Breens' primary appellate arguments before this court again fail to focus on and substantiate the allegations at issue, that is, Defendant's alleged stay and confirmation order violations.

The court also finds meritless the following related arguments by Debtor's counsel: (1) the court should consider their client's verification of the Complaint, (2) the allegations in the Complaint were essentially believed to be in good faith when made pending further discovery, (3) Defendant failed to comply with Rule 9011's "safe harbor" provision, (4) the Bankruptcy Court made evidentiary errors, (5) the Bankruptcy Court should not have discussed Debtor's demand for $50,000 in actual or punitive damages, and (6) the Order will have a chilling effect.  [ECF Nos. 6, 9.]  These arguments are premised on a combination of misunderstandings and misrepresentations of the law, record, and/or relevant facts.

First, this court agrees with the Bankruptcy Court's detailed and thoughtful analysis of why Debtor's verification of the pleading fails to satisfy the Breens' professional duties of candor to the court under Rule 9011.  It was not an abuse of discretion to deny Debtor's request to enter the

10

verification into evidence or otherwise find the Debtor's verification somehow mitigates the Breens' duties under Rule 9011. Second, as the Bankruptcy Court found, the record reflects the Breens conducted absolutely no investigation into, and lacked any factual and evidentiary support to assert, the Disputed Allegations before including them in the Complaint. Initially, Debtor's assertion that "prior to discovery, Plaintiff and Plaintiff's counsel had no access to any alleged evidence to counter Plaintiff's allegations contained in the verified complaint" does not make sense, as Debtor would not need to counter his own allegations. This assertion also appears to concede Debtor's Counsel lacked the requisite pre-filing evidentiary or factual support for the Disputed Allegations. Nor does evidence exist that Debtor had personal knowledge of the Disputed Allegations. "Blind reliance on the client is seldom a sufficient inquiry." *In re Kunstler*, 914 F.2d at 514 (citations omitted).

Further, as the Fourth Circuit has instructed, "[w]hile a lawyer may rely on discovery to reveal *additional* facts to support claims which are well grounded in fact, Rule 11 sanctions are appropriate when a lawyer attempts to use discovery to support outrageous and frivolous claims for which there is *no* factual support." *Id.* at 515. "Unsubstantiated claims such as these constitute an abuse of the judicial process for which Rule 11 sanctions were designed." *Id.*

Third, the court rejects the Breens' Rule 9011(c)(1)(a) safe harbor argument because Debtor failed to assert it before the Bankruptcy Court, and the argument would otherwise not excuse the Breens from their professional duties under Rule 9011. Fourth, the Breens' assertion of various alleged evidentiary errors by the Bankruptcy Court misstates the record and the Bankruptcy Court's rulings. Further, Debtor fails to assert any prejudice resulting from the

rulings.[5]  Fifth, the court finds the Bankruptcy Court did not abuse its discretion in finding the Breens lacked any information at the time of filing the Complaint to draw a reasonable inference a claim for $50,000 in actual and punitive damages was warranted under the facts of this case. [Bankr. Adv. Dkt. No. 53 at p. 12.]  Finally, regarding Debtor's assertion the Order's award of sanctions risks "chilling" this type of litigation, this court agrees with the Bankruptcy Court's apt conclusion "that a requirement to maintain this minimal pleading and investigation standard [i.e., simply having "some evidence to support an allegation,"] would [not] have a chilling effect on the bringing of facially valid lawsuits for willful stay violations."  [Bankr. Adv. Dkt. No. 53 at p. 27.]

Ultimately, given the Breens' total failure to come forward with evidence of *any* relevant inquiry or investigation—much less a reasonable one—or with *any* factual basis, to support including the Disputed Allegations in the Complaint, the Bankruptcy Court was well within its discretion to find sanctions warranted in this case under Rule 9011(b)(3).

### D. The Bankruptcy Court Did Not Err in Striking the Disputed Allegations or in Awarding the Appellee-Defendant $10,000 in Sanctions.

The court at the outset notes Debtor's failure to present any meaningful or supported argument sufficient to show the Bankruptcy Court erred in striking the Disputed Allegations from the Complaint.[6]  [ECF Nos. 6, 9.]  The court has reviewed the Order and finds no error in this regard.

---

[5] For example, Debtor asserts he won a motion to compel when he did not and ignoring Matthew Breen's prior withdrawal of objections regarding notice of Defendant's "surprise" expert.

[6] In Debtor's principal appellate brief, Debtor initially lists the third issue for this court's review on appeal as "Did the Bankruptcy Court err by striking portions of the Plaintiff's Complaint?" [ECF No. 6 at p. 1.]  However, the only arguably substantive contention in the appeal brief on this point does not expressly address the stricken Disputed Allegations.  Instead, Debtor asserts "by striking the $50,000 amount in controversy, the court abused its discretion and erred by establishing that the value, limits, or ceiling of Plaintiff's damages prior to having any testimony or evidence." *Id.* at p. 24.  Initially, this court observes the amount in controversy is not within the

Concerning the $10,000 amount of sanctions, this court has reviewed the Bankruptcy Court's thorough analysis of the relevant law, factors, defense counsel's Affidavit, and submissions related to the imposition of sanctions under Rule 9011(c) for a Rule 9011(b) violation. [Bankr. Adv. Dkt. No. 53 at pp. 19-27.]  The court finds no error.  To the contrary, this court observes the Bankruptcy Court exercised thoughtful restraint in awarding a reduced amount of attorney's fees in hopes the minimum amount would be sufficient to deter the Breens' continued misconduct. The award is approximately $3,000 less in sanctions than defense counsel spent on the underlying Motion for Sanctions.

In sum, the undersigned finds no error, and certainly no abuse of discretion, in the Bankruptcy Court's Order finding the Breens violated Rule 9011, striking the wholly unsupported Disputed Allegations from the complaint for purposes of trial in the underlying adversary proceeding, and awarding $10,000 in sanctions jointly and severally against Debtor's Counsel.

## II.    Appellee-Defendant's Motion for Sanctions under Rule 8020

### A.  Rule 8020 of the Federal Rules of Bankruptcy Procedure

Rule 8020(a) of the Federal Rules of Bankruptcy Procedure provides "[i]f the district court or BAP determines that an appeal is frivolous, it may, after a separately filed motion or notice from the court and reasonable opportunity to respond, award just damages and single or double costs to the appellee."  Fed. R. Bankr. P. 8020.  "Because the language of Bankr[uptcy] Rule 8020 is

---

Order's definition of the stricken Disputed Allegations.  [Order, Bankr. Adv. Dkt. No. 53, at p. 3.] Moreover, the court takes judicial notice of Debtor's Counsel's Affidavit and Response filed with the Bankruptcy Court stating "The undersigned would show that this Honorable Court should strike certain and particular language in the Plaintiff's adversary complaint which would be [sic] a least severe sanction and adequate to meet the purpose of Rule 11."  [Aff. and Resp., Bankr. Adv. Dkt. No. 51 at p. 4.]  In any event, the court has considered and rejects Debtor's other arguments in this regard, which again fail to address the Bankruptcy Court's relevant findings and mischaracterize the record as further discussed herein.

materially identical to Fed. R. App. P. 38, the sanctions provision for the filing of frivolous appeals in the Court of Appeals, the standard for imposing sanctions is similar." *In re Prop. Movers, L.L.C.*, 31 Fed. App'x 81, 83 (4th Cir. 2002) (citing *Pettey v. Belanger*, 232 B.R. 543, 548 (D. Mass. 1999)).

"Courts implement a two-part test in determining whether a motion for sanctions is appropriate regarding a frivolous bankruptcy appeal; first, whether the appeal is frivolous, and then whether it is an appropriate case for the imposition of sanctions. The decision to grant a motion for sanctions rests within the discretion of the district court." *In re Meabon*, No. 3:15-CV-00398-RJC, 2017 WL 374921, at *1 (W.D.N.C. Jan. 25, 2017) (citations omitted). Where "the result is obvious or when the appellant's argument is wholly without merit[,]" an appeal is frivolous. *In re Nat'l Heritage Found., Inc.*, 510 B.R. 526, 552–53 (E.D. Va. 2014) (citing In re Prop. Movers, L.L.C., 31 Fed. App'x. at 84), *aff'd sub nom. Miller v. Nat'l Heritage Found., Inc.*, 599 F. App'x 107 (4th Cir. 2015).

"A finding of frivolity is appropriate where an appellant cites no relevant cases in response to a lower court's accurate exposition of the law, and where an appellant's arguments are irrelevant to the issues in dispute." *In re Prop. Movers*, 31 F. App'x at 84 (citations omitted). "It is particularly appropriate to hold not only the appellant, but also his attorney, liable for a sanctions award when the frivolity of an appeal is premised not only on the filing of the appeal but also on the type of arguments used to support it." *Id.* (citing *Dungaree Realty, Inc. v. United States,* 30 F.3d 122, 124–25 (Fed. Cir. 1994)). "Sanctions for the filing of a frivolous appeal are desirable in an appropriate case because 'they compensate the prevailing party for the expense of having to defend a wholly meritless appeal, and by deterring frivolity, they preserve the appellate calendar for cases truly worthy of consideration.'" *Id.* (citing *Dungaree Realty*, 30 F.3d at 125) (internal

14

quotation marks omitted). "In determining whether an appeal is frivolous, courts often look to such factors as whether the appellant's argument properly addresses the issues on appeal, 'fails to cite any authority; cites inapplicable authority; makes unsubstantiated factual assertions; makes bare legal conclusions; or, misrepresents the record.'" *Luria v. ADP, Inc.*, No. 5:18-CV-592-OC-34, 2020 WL 4041084, at *4 (M.D. Fla. July 17, 2020) (citations omitted).

### B. Analysis under Fed. R. Bankr. P. 8020

The court next addresses Defendant's present Motion for Sanctions before this court seeking $10,685.50 in additional sanctions against the Breens under Rule 8020 of the Federal Rules of Bankruptcy Procedure. Defendant argues this appeal is frivolous as-filed and as-argued, and, upon due consideration of the parties' arguments and record, the court agrees.

Initially, as set forth above, Debtor fails to substantively address, or make any showing of error, regarding the Bankruptcy Court's key findings regarding the Disputed Allegations at issue. Moreover, as previously addressed herein, Debtor's Counsel's appeal briefing mischaracterizes and mispresents several aspects of the underlying record and Bankruptcy Court's findings and rulings, including:

- Misleadingly characterizing the single February Invoice in the plural as "attempts" and "efforts" to collect the debt. [*See, e.g.*, ECF No. 6 at pp. 18, 19, 21; ECF No. 9 at p. 9.]

- Falsely citing the February Invoice as stating "the matter *would be* turned over to a collection agency if not paid." [*Compare* ECF No. 9 at pp. 8–9 *with* ECF No. 2-1 (The invoice states: "Your account is in default and ***could be*** sent to a collection agency. Please call.") (Emphasis added).

- Deceptively omitting the February Invoice's final language stating to "Please call." [ECF No. 9 at p. 4.]

- Continuing to disingenuously characterize the single, mildly worded February Invoice as "harassment." [*See, e.g.*, ECF No. 6 at pp. 14, 18, 21 ("continued in attempts to harass").]

- Arguing defense counsel's requested attorney's fees before the Bankruptcy Court "includ[ed] defending a motion to compel filed by Plaintiff where Plaintiff prevailed" when

15

Plaintiff's Motion to Compel was denied.[7]  [ECF No. 6 at p. 11; Bankr. Adv. Dkt. No. 43 at p. 7 ("Plaintiff's Motion is denied.").]

- Misrepresenting the status of Debtor's notice objection to Defendant's expert witness and related procedural history and rulings.[8]  [*Compare, e.g.*, ECF No. 6 at p. 22 ("The Court overruled multiple objections and allowed the testimony of the expert witness") *with* Tr., Bankr. Adv. Dkt. No. 70 at p. 11 (Matthew Breen withdrawing notice objection to expert's testimony); *and* Bankr. Adv. Dkt. No. 43 at pp. 3-4 (discussing Debtor's waiver of any notice objections, the general absence of expert disclosure requirement in contested matters, and defense counsel's provision of an expert report to Debtor's Counsel).][9]

---

[7] The court observes Debtor's failure to include in the record certain opinions, findings of fact, and/or conclusions of law relating his arguments on appeal.  For example, Debtor failed to include in the record the referenced Bankruptcy Court order on Debtor's Motion to Compel.  Fed. R. Bankr. P. 8009(a)(4); ECF No. 2.  The court takes judicial notice of this order.  Fed. R. Evid. 201; *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that the most frequent use of judicial notice of ascertainable facts is in noticing the content of court records."). The court also observes it is evident Debtor was on the losing side of the Motion to Compel from the hearing transcript.  [ECF No. 5-3 at p. 36 (denying motion on two of the three issues and awaiting further information before ruling on final issue).]  Similarly, Debtor's Counsel fail to include in the record a referenced email from the Bankruptcy Court's chambers allegedly "noting [Defendant's] expert testimony was improper[.]"  [ECF No. 6 at p. 22; *contra* ECF No. 7 at pp. 21–23.]  Likewise, Debtor's Counsel omits from the record the Bankruptcy Court's alleged order in which "Defendant's actions were seen to be willful."  [ECF No. 9 at p. 9.]  Concerning the referenced order, the court takes judicial notice of the Bankruptcy Court's January 14, 2022 Order following a trial on the merits of Defendant's alleged stay violation, in which the Bankruptcy Court was "constrained" to find willfulness under § 362(k).  [Bankr. Adv. Dkt. No. 73 at pp. 10-11.]  The order does not support the implied broader proposition of an ultimately contradictory finding by the Bankruptcy Court regarding evidence supporting the Disputed Allegations.

[8] The Bankruptcy Court's Order does not reference or state the Bankruptcy Court adopted Defendant's expert's testimony in reaching the findings and conclusions in the Order.  Instead, the Bankruptcy Court permissibly and "based on its familiarity with the local bankruptcy bar's practice and the stay violation adversary proceedings filed in this district, . . . observe[d] that it is not the normal practice in this district for debtor's attorneys to file adversary proceedings seeking $50,000 in actual and punitive damages for violation of 11 U.S.C. § 362(k) based solely upon the mailing of an invoice to a debtor."  [Bankr. Adv. Dkt. No. 53 at p. 15 n. 11 (citing *Cooter & Gell*, 496 U.S. at 404); *id.* ("The Court notes that Debtor's Counsel filed two of these adversary proceedings for the same client."); *id.* at pp. 25–26 (observing Debtor's Counsel's litigation history in the Bankruptcy Court for the District of South Carolina).]

[9] As noted above, although Debtor asserts without any citation to the record "[t]he [Bankruptcy] Court later noted that th[e expert's] testimony was improper in an email from chambers to counsel for the parties after the hearing[,]" this statement is unsupported by the record and appears false or misleading.  [ECF No. 6 at p. 22; ECF No. 7 at p. 22; Bankr. Adv. Dkt. No. at pp. 2-4 (denying Debtor's Motion to Compel related to expert witness disclosures).]

16

- Misleadingly arguing "[t]he bankruptcy court's September 27, 2021 amended final order specifically stated that the adversary complaint filed by Debtor 'was filed for reasonable purposes' but still concluded that monetary damages against Debtor's attorneys were warranted" by omitting the Order's next sentence stating "[i]t also appears, however, that the Complaint was filed for the additional purpose of obtaining a substantial damages award or settlement, including attorney's fees and punitive damages, which may be unjustified under the circumstances of this case."[10]

- Stating "[t]he bankruptcy court emphasized that its findings were a matter of legitimate factual dispute between the parties[,]" citing to page 26 of the Order. [ECF No. 9 at p. 8.] Page 26 of the Order does not support this assertion, and the court, upon review of the record, is unable to determine how Debtor's Counsel finds support for this statement.

As such, the court finds this appeal frivolous under Rule 8020.[11]

### C. Amount of Sanctions for Frivolous Appeal

Federal Rule of Bankruptcy Procedure 8020 provides that if a frivolous appeal is filed, this court may award "just damages" or "single or double costs." Fed. R. Bankr. P. 8020. Defendant seeks as a sanction the full amount of defense counsel's fees incurred in responding to this frivolous appeal and Debtor's corresponding disjointed and unsupported arguments. [ECF No. 8.] In response, Debtor asserts Rule 8020 sanctions are inappropriate because Debtor is simply exercising his right to appeal, "the bankruptcy court's September 27, 2021 amended final order

---

[10] *See* ECF No. 9 at p. 5; Bankr. Adv. Dkt. No. 53 at pp. 18-19 (also observing "[t]his could be considered bad faith or an improper purpose that is so excessive as to eliminate the proper purpose of seeking the protection of the automatic stay on behalf of Debtor[,]" and ultimately finding "[i]n light of the Court's finding that sanctions are appropriate under Rule 9011(b)(3), it is unnecessary for the Court to determine this issue at this time."); *see also In re Kunstler*, 914 F.2d at 518.

[11] Given the findings above, the court does not reach and need not address whether this appeal is also frivolous for failure to comply with Rule 8009's statement of issues requirement or based on Debtor raising for the first time on appeal an unpreserved Rule 9011(c)(1)(a) safe harbor argument. [ECF No. 8 at pp. 5, 8-9.] The court further need not consider the impact of Debtor's Counsel's failure to include the chambers email, motion to compel order, or merits order, on which Debtor purports to rely, in the record on appeal as also required by Rule 8009.

specifically stated that the adversary complaint filed by Debtor 'was filed for reasonable purposes[,]" "the bankruptcy court emphasized that its findings were a matter of legitimate factual dispute between the parties[,]" the Breens' pre-filing investigation showed Defendants violated the stay, the Bankruptcy Court after a trial on the merits concluded Defendant's conduct constituted a willful violation of the stay, and the appeal is otherwise proper. [ECF No. 10.] Again, Debtor's Counsel's arguments range from wholly unsupported positions to brazen mischaracterizations of the Bankruptcy Court's findings and record at hand.

This court is "cognizant that sanctions should not be lightly imposed for the filing of a frivolous appeal." *In re Prop. Movers, L.L.C.*, 31 F. App'x at 89. However, against the relevant framework, the court in its discretion finds an award of monetary sanctions appropriate here under Rule 8020.[12] First, although Debtor generally argues defense counsel has "over-litigated" this case and contested the amount of fees requested for the underlying motion for sanctions, with respect to the present Motion for Sanctions, Debtor does not specifically oppose the reasonableness or amount of sanctions requested in the pending Motion for Sanctions or object to the time entries in defense counsel's affidavit of attorney's fees. In any event, this court defers to the Bankruptcy Court's prior findings concerning the reasonableness of defense counsel's billable rate in light of defense counsel's experience, ability, and professional standing with the South Carolina Bar. [ECF No. 8 at Ex. A; Bankr. Adv. Dkt. No. 53 at pp. 23-24.] Further, this court reviewed Defendant's attorney's fees Affidavit and documentation, and finds the time entries reasonable for the services provided.

---

[12] *See In re Kunstler*, 914 F.2d at 523–25 (listing (1) reasonableness of the opposing party's attorneys' fees; (2) the minimum necessary to deter further abuses; (3) the sanctioned party's ability to pay; and (4) factors related to the severity of the violation).

The court turns next to the minimum to deter factor. The court previously addressed the unsupported grounds for this appeal, as well as the misrepresentations of the record, and the court concludes a limited monetary award will serve the primary goal of deterrence. Regarding the ability to pay factor, the Breens have further not argued before this court they would be unable to pay the amount requested in the Rule 8020 Motion for Sanctions. The only indication from the record on the Breens' general ability to pay pertains to the initial Motion for Sanctions underlying the Bankruptcy Court's $10,000 sanctions award. In that regard, it appears from the Order the Breens submitted an Affidavit to the Bankruptcy Court under seal "indicat[ing] that Debtor's Counsel may experience some financial hardship if a large monetary sanction were imposed." [Order, Bankr. Adv. Dkt. No. 53 at pp. 24-25.] Finally, the court finds the severity of the violations by Debtor's Counsel in this appeal, as noted above, weigh in favor of an additional monetary sanction. The Breens have wasted scarce and valuable judicial resources on unsupported arguments and mischaracterizations of the record. The court finds such misconduct significant.

In light of this court's foregoing findings, the court exercises its discretion to grant Defendant's Motion for Sanctions in part. The court will award Defendant $3,000 in sanctions, jointly and severally against David Breen and Matthew Breen, who both filed this appeal on behalf of Debtor and represent Debtor before this court. [ECF No. 1.] The $3,000 sanctions amount is approximately $7,000 less than, and less than a third of, the amount requested by Defendant to fully compensate Defendant for having to defend against this frivolous appeal. Should a future case involving similar misrepresentations and filings by the Breens come before this court, the court cautions the Breens it may not be so generous.

## CONCLUSION

For the reasons stated, the court **AFFIRMS** the Bankruptcy Court's Order and Amended Final Order, Bankr. Adv. Dkt. Nos. 47, 53, and Judgment, Bankr. Adv. Dkt. Nos. 52, 54, granting Appellee-Defendant's Motion for Sanctions against Debtor's attorneys, David H. Breen and Matthew M. Breen, awarding $10,000 in attorney's fees against David Breen and Matthew Breen, and striking the Disputed Allegations from the Complaint for purposes of trial. The court further **GRANTS IN PART** Appellee-Defendant's Motion for Sanctions in this appeal by finding the appeal is frivolous under Fed. R. Bankr. P. 8020 and awarding Defendant $3,000 in sanctions, jointly and severally against David H. Breen and Matthew M. Breen. David Breen and Matthew Breen are ordered to pay $3,000 to Appellee-Defendant, Winyah Surgical Specialists, P.A. doing business as Winyah Surgical Specialists, c/o Barton Brimm, PA, P.O. Box 14805, Myrtle Beach, SC 29587, within 30 days of the entry of this Order or within such time as extended by the court upon their request.

**IT IS SO ORDERED.**

/s/ Sherri A. Lydon
United States District Judge

August 25, 2022
Columbia, South Carolina